IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

RANJIT SINGH,                          )
                                       )
    Petitioner,                        )
                                       )
v.                                     )          Case No. CIV-26-173-D
                                       )
MARKWAYNE MULLIN[1], *et al.*,         )
                                       )
    Respondents.                       )

## ORDER

Petitioner Ranjit Singh filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner is a citizen of India who entered the United States in 2019. Petitioner has been in the custody of the U.S. Immigration and Customs Enforcement (ICE) since January 21, 2026, and his removal proceedings are ongoing. Petitioner is currently detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A). In his Petition, Petitioner contends that § 1225(b)(2)(A) does not apply to him because he is not an arriving alien, as he was residing in the interior of the United States when he was re-detained, and is not "seeking admission" within the meaning of § 1225(b)(2)(A). [Doc. No. 1]. Because of his assertion that § 1225(b)(2)(A) does not apply to him, Petitioner further asserts that his continued detention without a bond hearing violates his due process rights.

---

[1] Markwayne Mullin was sworn in as the Secretary of the Department of Homeland Security on March 24, 2026. Pursuant to Fed. R. Civ. P. 25(d), Secretary Mullin is substituted for former Secretary Noem as the proper party.

1

The matter was referred to United States Magistrate Judge Chris M. Stephens for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) [Doc. No. 10]. Respondents filed a Response in Opposition to the Petition for Writ of Habeas Corpus [Doc. No. 12], and Petitioner filed a reply [Doc. No. 13].

On March 23, 2026, the magistrate judge issued a Report and Recommendation [Doc. No. 14], recommending that the Court grant in part the Petition and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a). Petitioner filed a timely Objection to the Report and Recommendation, and Respondents filed a timely Objection to the Report and Recommendation [Doc. Nos. 15 & 16]. Thus, the Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

Respondents object to the magistrate judge's conclusion that § 1226(a) applies to Petitioner's detention, and not § 1225(b)(2)(A), as suggested by Respondents. Generally, "§ 1225 mandates detention without the opportunity for a bond hearing for the noncitizens to whom it applies." *Hernandez v. Baltazar*, No. 1:25-cv-03094-CNS, 2025 WL 2996643, at *3 (D. Colo. Oct. 24, 2025) (citation omitted). In comparison, § 1226 provides the noncitizen with the opportunity for a bond hearing. *Id.*; *see also Aranda v. Olson*, No. 4:25-cv-156-GNS, 2025 WL 3499061, at *4 (W.D. Ky. Dec. 5, 2025) ("Overall, Section 1226(a) provides for a discretionary authority requiring an individualized bond determination before a noncitizen may be taken into custody.") (quotation and citation omitted).

As Respondents acknowledge, this Court has previously construed § 1225(b)(2)(A) as unambiguously requiring that an "applicant for admission" also be "seeking admission" for the section to control.[2] *See Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *4 (W.D. Okla. Dec. 16, 2025). Further, this Court has previously declined to find that refusing to self-deport or submitting an asylum application constitute "seeking admission" for purposes of § 1225(b)(2)(A). *Cruz-Hernandez v. Noem*, No. CIV-25-1378-D, 2026 WL 18932, at *1 (W.D. Okla. Jan. 2, 2026); *Malacidze v. Noem*, No. CIV-25-1527-D, 2026 WL 227155, at *3 (W.D. Okla. Jan. 28, 2026); *see also Li v. Grant*, No. CIV-25-1426-HE, 2026 WL 147438, at *1 (W.D. Okla. Jan. 20, 2026) ("The court additionally agrees with Judge Maxfield that § 1225(b)(2)(A) does not apply even though petitioner filed an application for asylum."); *Toledo Santos v. Grant*, No. CIV-25-1433-SLP, 2026 WL 184287, at *1-2 (W.D. Okla. Jan. 23, 2026) (ordering the respondents to provide the petitioner a bond hearing under § 1226(a) where the petitioner had been released on his own recognizance and later applied for asylum).

In this case, because Petitioner has been residing in the United States for years and was present in the country when he was detained, Petitioner does not fall into the mandatory detention provision of § 1225(b)(2)(A). *See Colin*, 2025 WL 3645176, at *5; *Malacidze*, 2026 WL 227155, at *3. Accordingly, § 1226(a) controls Petitioner's detention, and

---

[2] On this issue, the Court finds persuasive the analysis provided by the Seventh Circuit in *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025). The Court also acknowledges the contrary 2-1 decisions in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), and *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026).

Petitioner is therefore entitled to a bond hearing. *See Hernandez*, 2025 WL 2996643, at *3 (citing *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018)) ("Federal regulations also provide that noncitizens detained pursuant to § 1226(a) are entitled to individualized bond hearings.").

Petitioner objects to the magistrate judge's recommendation that the Court decline to address Petitioner's argument that his continued detention without a bond hearing violates his constitutional rights to due process. The magistrate judge recommends that the Court decline to address Petitioner's due process claim, because he seeks the same relief for his due process claim as his violation of the Immigration and Nationality Act claim. Indeed, he requests the Court order Respondents to provide him with a bond hearing under both claims.

The Court agrees with the recommendation to decline to address Petitioner's due process claim. Indeed, "[b]ecause the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's due process claim." *Colin*, 2025 WL 3645176, at *6 n.3; *Valdez v. Holt*, No. CIV-25-1250-R, 2025 WL 3709021, at *3 n.2 (W.D. Okla. Dec. 22, 2025) (same).

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 14] is **ADOPTED**, and the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED in part**. **IT IS THEREFORE ORDERED** that Respondents shall provide Petitioner with a prompt bond hearing under 8 U.S.C. § 1226(a), or release Petitioner. A separate judgment shall be entered.

4

**IT IS SO ORDERED** this 7th day of April, 2026.

TIMOTHY D. DeGIUSTI
Chief United States District Judge